```
                  UNITED STATES DISTRICT COURT
                     DISTRICT OF MINNESOTA
                  Criminal No. 03-438 (MJD/JGL)
```

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | GOVERNMENT'S SENTENCING |
| | ) | MEMORANDUM |
| v. | ) | |
| | ) | |
| THOMAS E. RAY III, | ) | |
| a/k/a Jamie Weathersby | ) | |
| | ) | |
| Defendant. | ) | |

The United States of America, by its attorneys, Thomas Heffelfinger, United States Attorney and Paul A. Murphy, and Tracy T. Braun, Assistant United States Attorneys, respectfully submits this Sentencing Memorandum regarding defendant Thomas E. Ray III, who is scheduled to be sentenced on February 17, 2005. For the reasons provided below, the government recommends a sentence within the Guideline range of 46 to 57 months.

I.  BACKGROUND

On October 7, 2004, the defendant was found guilty of both counts in a two-count Indictment – Count 1, extortion and threats to injure property and reputation and Count 2, extortion and threats to damage protected computers.

II. SENTENCING CALCULATION

   A.  Statutory Maximum Sentence

The maximum sentence that may be imposed on defendant is a term of imprisonment of 2 years on Count 1 and a term of imprisonment of 5 years on Count 2.

B.   <u>Sentencing Guidelines Calculation</u>

The base offense level pursuant to §2B3.2 of the Sentencing Guidelines is 18. Based upon the fact that the defendant attempted to extort more than $1.5 million but not more than $2.5 million, the offense level is increased by 5 levels to an adjusted offense level of 23.

The government urges that the Court impose a sentence within the final guideline range of 46 - 57 months as the findings made by the jury in this case support a total offense level of 23.

In <u>United States v. Booker</u>, 2005 WL 50108 (U.S. Jan. 12, 2005), the Supreme Court held that the United States Sentencing Guidelines, as written, violate the Sixth Amendment principles articulated in <u>Blakely v. Washington</u>, 124 S. Ct. 2531 (2004). The Court determined that a mandatory system in which a sentence is increased based on factual findings by a judge violates the right to trial by jury. As a remedy, the Court severed and excised the statutory provision making the Guidelines mandatory, 18 U.S.C. § 3553(b)(1), thus declaring the Guidelines "effectively advisory." <u>Booker</u>, 2005 WL 50108, at *16. This ruling results in a system in which the sentencing court, while informed by the Guidelines, may impose any sentence within the statutory maximum penalty for the offense of conviction. The sentence will be subject to review by the Court of Appeals for "reasonableness." <u>Id.</u> at *24.

In the wake of <u>Booker</u>, this Court must make a correct calculation under the existing Sentencing Guidelines, and then

consider the final guideline calculation when determining the sentence to be imposed. Justice Breyer's majority opinion directed that "[t]he district courts, while not bound to apply the Guidelines, must consult those Guidelines and take them into account when sentencing." Id. at *27.

The position of the United States is that, absent highly unusual circumstances, the sentence in a criminal case should fall within the guideline range as determined by the Court. This view is shared by Congress and the Supreme Court. As every Supreme Court justice in the various opinions in Booker recognized, the Guidelines carry out the express national policy, as articulated by Congress, that sentences be uniform across the country to the extent possible and be based on the offender's actual conduct and history. See, e.g., id. at *21 (majority opinion of Breyer, J.) ("Congress' basic goal in passing the Sentencing Act was to move the sentencing system in the direction of increased uniformity."); id. at *19 (same) ("Congress' basic statutory goal -- a system that diminishes sentencing disparity -- depends for its success upon judicial efforts to determine, and to base punishment upon, the *real conduct* that underlies the crime of conviction."); id. at *42 (dissenting opinion of Stevens, J.) ("The elimination of sentencing disparity, which Congress determined was chiefly the result of a discretionary sentencing regime, was unquestionably Congress' principal aim."); id. at *47 (dissenting opinion of Scalia, J.) ("the primary objective of the Act was to reduce sentencing

disparity.").

The Guidelines, aiming to achieve the uniform and appropriate treatment of like crimes, represent the distillation of 15 years of careful study of sentencing practices across the country, and correlate as well to the varying severity of crimes as defined by Congress.  The Guidelines, consisting of offense characteristics and various grounds for departure, address all of the considerations relevant to sentencing, as articulated in 18 U.S.C. § 3553(a), such as "the nature and circumstances of the offense and the history and characteristics of the defendant;" "the need for the sentence imposed -- (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; (B) to afford adequate deterrence to criminal conduct; (C) to protect the public from further crimes of the defendant; and (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;" and "the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct . . . ."

Thus, fidelity to the Guidelines best accomplishes the purpose of fair and consistent sentencing, and should occur absent unusual circumstances.  The Court in <u>United States v. Wilson</u>, 2005 WL 78552 (D. Utah Jan. 13, 2005), shared this conclusion.  In his assessment in <u>Wilson</u>, on the day after <u>Booker</u> was decided, Judge

Cassell explained at length the reasons supporting this view.  As he stated, the Guidelines represent the product of an expert commission, which has studied the sentencing process at great length, under the specific mandate of Congress to fashion recommended sentences which carry out the purposes defined by Congress.  The resulting Guidelines, <u>Wilson</u> held, plainly reflect the public's will, as expressed by their democratically elected representatives, in that Congress has repeatedly approved of the Guidelines or acted to adjust them to Congressional preference. <u>Wilson</u> further observed that guided sentencing appears to have had a positive impact in deterring criminal conduct throughout the country, and thus serves the purpose of deterrence as well as punishment and fairness.  For all of these reasons, Judge Cassell determined that "the court will give heavy weight to the Guidelines in determining an appropriate sentence. In the exercise of its discretion, the court will only depart from those Guidelines in unusual cases for clearly identified and persuasive reasons." <u>Id.</u> at *1.

Accordingly, a sentence within the guideline range is presumptively reasonable, and accommodates the Congressional purpose, affirmed by the Supreme Court, of obtaining fair sentences which are uniform to the extent possible.  The government anticipates that only sentences outside the guideline range will be subject to appellate scrutiny for reasonableness in light of the Congressional mandate.

In this case no unusual circumstances exist which warrant an exception to the preference for guideline sentencing. Therefore, the government respectfully recommends that the Court sentence the defendant within the Guidelines range calculated in the PSR.

III. <u>GOVERNMENT'S RECOMMENDATION</u>

As set forth in the PSR, with an offense level of 23 and a criminal history category of I, defendant falls within the sentencing range of 46-57 months. The government respectfully recommends that the Court impose a period of incarceration within this Guidelines range. Such a sentence would recognize the seriousness of defendant's offense conduct, promote respect for the law and provide just punishment for the offense.

No mitigating factors exist that would warrant a downward departure. The defendant has not accepted any responsibility for his crimes as is evidenced by his trial testimony and his statements to the United States Probation Department during the preparation of the PSR.

For all of the reasons previously stated, the government respectfully recommends that the Court impose a period of incarceration within the Guidelines range established by the PSR.

Respectfully submitted,

THOMAS B. HEFFELFINGER
United States Attorney

S/ Tracy T. Braun

BY: TRACY T. BRAUN
Assistant U.S. Attorney
Attorney ID No. 24143X