# United States District Court
### District of Minnesota

| | |
|---|---|
| UNITED STATES OF AMERICA<br>v.<br>**Thomas Eli Ray, III** | **JUDGMENT IN A CRIMINAL CASE**<br>Case Number: **03-438 (1) (MJD/JGL)**<br>USM Number: **07799-043**<br>Social Security Number: 4505<br>Date of Birth: 1978<br><br>**Rick Petry**<br>Defendant's Attorney |

**THE DEFENDANT:**

[**X**]   was found guilty on count(s) **1 and 2 of the Indictment** after a plea of not guilty.

The defendant is adjudicated guilty of these offenses:

| Title & Section | Nature of Offense | Offense Ended | Count |
|---|---|---|---|
| Title 18, United States Code, Section 875(d) | Extortion and threats to injure property and reputation | October 16, 2003 to October 30, 2003 | 1 |
| Title 18, United States Code, Sections 1030(a)(7) and 1030(c)(3)(A) | Extortion and threats to damage protected computers | October 16, 2003 to October 30, 2005 | 2 |

   **The defendant is sentenced as provided in pages 2 through 6 of this judgment**. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.


   It is ordered that the defendant must notify the United States attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant must notify the court and United States attorney of any material change in economic circumstances.

February 17, 2005
Date of Imposition of Judgment

s/Michael J. Davis
Signature of Judge

**MICHAEL J. DAVIS**, United States District Judge
Name & Title of Judge

February 17, 2005
Date

AO 245B (Rev. 12/03)  Sheet 2 - Imprisonment
_____

DEFENDANT:           THOMAS ELI RAY, III
CASE NUMBER:         03-438 (1)( MJD/JGL)

## IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a total term of **18 months**.  This term consists of 18 months on Count 1 and 18 months on Count 2, to be served concurrently.

[**X**]   The court makes the following recommendations to the Bureau of Prisons:
**The Court recommends that the defendant be housed in a federal facility closest to him home, such as Montgomery, Alabama.  The Court also recommends that the defendant be housed in a minimum security facility.**

[**X**]   The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons:
    [**X**] before **12:00 p.m.** on **Friday, March 18, 2005**.  If a designation has not been made by the surrender date, the defendant is to turn himself over to the United States Marshal Service located in Jackson, Mississippi.

## RETURN

I have executed this judgment as follows:

_____

_____

_____

    Defendant delivered on _____ to _____

a _____ , with a certified copy of this judgment.


                                                            _____
                                                                    United States Marshal


                                                      By    _____
                                                                Deputy United States Marshal

Page 2

DEFENDANT:        THOMAS ELI RAY, III
CASE NUMBER:      03-438 (1)( MJD/JGL)

# SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of **3 years.** This term consists of 1 year on Count 1 and 3 years on Count 2, to run concurrently.

The defendant must report to the probation office in the district to which the defendant is released within 72 hours of release from the custody of the Bureau of Prisons.

The defendant shall not commit another federal, state or local crime.

The defendant shall not unlawfully possess a controlled substance. The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as determined by the court.

[**X**]    The defendant shall not possess a firearm, ammunition, destructive device, or any other dangerous weapon. (Check, if applicable.)

[**X**]    The defendant shall cooperate in the collection of DNA as directed by the probation officer. (Check, if applicable.)

If this Judgment imposes a fine or restitution, it is a condition of supervised release that the defendant pay in accordance with the Schedule of Payments sheet of this judgment.

The defendant must comply with the standard conditions that have been adopted by this court as well as any additional conditions on the attached page.

# STANDARD CONDITIONS OF SUPERVISION

1) the defendant shall not leave the judicial district without permission of the court or probation officer;
2) the defendant shall report to the probation officer and shall submit a truthful and complete written report within the first five days of each month;
3) the defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;
4) the defendant shall support his or her dependants and meet other family responsibilities;
5) the defendant shall work regularly at a lawful occupation, unless excused by the probation officer for schooling, training, or other acceptable reasons;
6) the defendant shall notify the probation officer at least ten days prior to any change in residence or employment;
7) the defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substances, except as prescribed by a physician;
8) the defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;
9) the defendant shall not associate with any persons engaged in criminal activity and shall not associate with any person convicted of a felony, unless granted permission to do so by the probation officer;
10) the defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view of the probation officer;
11) the defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer;
12) the defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court; and
13) as directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.

AO 245B (Rev. 12/03)  Sheet 3A - Supervised Release

DEFENDANT:        THOMAS ELI RAY, III
CASE NUMBER:      03-438 (1)( MJD/JGL)

# SPECIAL CONDITIONS OF SUPERVISION

a    The defendant shall not commit any crimes, federal, state, or local.

b    The defendant shall abide by the standard conditions of supervised release recommended by the Sentencing Commission.

c    The defendant shall refrain from possessing a firearm, destructive device, or other dangerous weapon.

d    Because the instant offense is not drug related and the defendant does not have a history of drug abuse, the defendant is not required to undergo mandatory drug testing as set forth by Title 18, United States Code, Sections 3563(a) and 3583(d).

e    The defendant shall not possess or use a computer or other electronic device with access to any on-line computer service without prior written approval of the Court.  This includes any Internet service, provider, bulletin board system, or any other public or private computer network.

f    The defendant shall provide the probation officer access to any requested financial information, including credit reports, credit card bills, bank statements and telephone bills.

g    The defendant shall be prohibited from incurring new credit charges or opening additional lines of credit without approval of the probation officer.

h    The defendant shall cooperate in the collection of DNA as approved by the probation officer and mandated pursuant to Title 18, United States Code, Sections 3563(a) and 3583(d).

AO 245B (Rev. 12/03) Sheet 5 - Criminal Monetary Penalties

DEFENDANT:      THOMAS ELI RAY, III
CASE NUMBER:    03-438 (1)( MJD/JGL)

# CRIMINAL MONETARY PENALTIES

The defendant must pay the total criminal monetary penalties under the schedule of payments on Sheet 6.

|         | Assessment | Fine | Restitution |
|---------|------------|------|-------------|
| Totals: | 200.00     |      | 87,398.00   |

[X] The defendant shall make restitution (including community restitution) to the following payees in the amount listed below.

If the defendant makes a partial payment, each payee shall receive an approximately proportioned payment, unless specified otherwise in the priority order or percentage payment column below. However, pursuant to 18 U.S.C. §3664(i), all nonfederal victims must be paid before the United States is paid.

| Name and Address of Payee | **Total Loss | Restitution Ordered | Priority or Percentage |
|---|---|---|---|
| Best Buy<br>Attn: Eugene Cundiff<br>7601 Penn Avenue South<br>Richfield, MN  55423 |  | $87,398.00 |  |
|  |  |  |  |
|  |  |  |  |
| TOTALS: | $0.00 | $87,398.00 | 0.00% |
| **Payments are to be made to the Clerk, U.S. District Court, for disbursement to the victim.** | | | |

[X] The court determined that the defendant does not have the ability to pay interest and it is ordered that:

    [X]   the interest requirement is waived for the [] fine [X] restitution.

** Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18 for offenses committed on or after September 13, 1994 but before April 23, 1996.

DEFENDANT:          THOMAS ELI RAY, III
CASE NUMBER:        03-438 (1)( MJD/JGL)

# SCHEDULE OF PAYMENTS

Having assessed the defendant's ability to pay, payment of the total criminal monetary penalties are due as follows:

A     [**X**]     Lump sum payment of  **$4,000.00** due immediately, balance due

      Over the period of incarceration, the defendant shall make payments of either quarterly installments of a minimum of $25 if working non-UNICOR or a minimum of 50 percent of monthly earnings if  working  UNICOR.  It is recommended the defendant participate in the Inmate Financial Responsibility Program while incarcerated.  Payments of not less than $100 per month are to be made over a period of 3 years commencing 30 days after release from confinement.  Payments are to be made payable to the Clerk, U.S. District Court, for disbursement to the victim.

Unless the court has expressly ordered otherwise, if this judgment imposes imprisonment, payment of criminal monetary penalties is due during the period of imprisonment.  All criminal monetary penalties, except those payments made through the Federal Bureau of Prisons' Inmate Financial Responsibility Program, are to be made to the clerk of **court.**

The defendant shall receive credit for all payments previously made toward any criminal monetary penalties imposed.

**Payments shall be applied in the following order: (1) assessment, (2) restitution  principal, (3) restitution interest, (4) fine principal, (5) fine interest, (6) community restitution, (7)penalties, and (8) costs, including costs of prosecution and court costs.**