UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

UNITED STATES OF AMERICA,
Plaintiff,

v.                                                              ORDER
                                                                Criminal File No. 03-438
                                                                Civil File No. 06-3067

THOMAS E. RAY III,
a/k/a Jamie Weathersby,
Defendant.

---

Rachel K. Paulose, U.S. Attorney, Tracy Braun, Assistant US Attorney, Counsel for Plaintiff.

Thomas E. Ray III, Pro se.

---

I.   INTRODUCTION

This matter is before the Court on Petitioner's Motion to Vacate, Set Aside, or Correct his Sentence Pursuant to 28 U.S.C. § 2255 (Doc. No. 109 in Case No. 03-CR-438; Doc. No. 1 in Case No. 06-CV-3067.)

II.  BACKGROUND

On December 16, 2003, Petitioner was indicted on the following charges: (1) extortion and threats to injure property and reputation in violation of 18 U.S.C. § 875(d); and (2) extortion and threats to damage protected computers in violation of 18 U.S.C. § 1030(a)(7). (Doc. No. 1.) In both instances, the Government alleged that Petitioner willfully and knowingly sent emails to Best Buy that threatened to expose and

1

exploit a purported problem in Best Buy's computer security system and that threatened to post sensitive customer information unless Best Buy paid Petitioner $2,500,000. The case went to a jury trial during which attorney Rick Petry represented Petitioner. On October 7, 2004, the jury found Petitioner guilty on both counts. The Court then sentenced Petitioner to eighteen months in prison.

Petitioner, represented by Katherine Menendez, appealed the conviction to the Eighth Circuit Court of Appeals arguing: (1) there was insufficient evidence linking Petitioner to the emails in question; (2) the district court abused its discretion in finding certain evidence inadmissible; and (3) the prosecutor committed misconduct in his closing arguments and by making certain prejudicial statements to the jury. United States v. Ray, 428 F.3d 1172, 1174 (8th Cir. 2005). The Eighth Circuit affirmed Petitioner's conviction on December 19, 2005. Id. at 1174-75.

On July 19, 2006, Petitioner filed this pro se Motion to Vacate, Set Aside or Correct Sentence pursuant to 28 U.S.C. § 2255. In his motion, Petitioner proffers five claims: (1) the Government did not prove the elements of the offense beyond a reasonable doubt in violation of Petitioner's due process rights; (2) there was insufficient evidence to sustain the jury's verdict in violation of Petitioner's due process rights; (3) Government witness Michael Lawrence committed perjury while testifying at trial; (4) the jury pool did not properly represent minorities in violation of the Sixth Amendment; and (5) the Court violated Public Law 98-473 § 239 by sentencing Petitioner to eighteen months. (Doc. No. 109 in Case No. 03-CR-438; Doc. No. 1 in Case No. 06-CV-3067 at 2106, 2108-09, 2111; Attach. #2.)

III.     DISCUSION

  A. Standard

Under 28 U.S.C. § 2255, "[a] prisoner in custody under sentence . . . claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution . . . may move the court which imposed the sentence to vacate, set aside or correct the sentence." 28 U.S.C § 2255. Failure to raise an issue on direct appeal constitutes a procedural default, and it may bar a petitioner from raising the issue for the first time in a § 2255 motion. Dejan v. United States, 208 F.3d 682, 685 (8th Cir. 2000) (citing Bousley v. United States, 523 U.S. 614, 621-22 (1998)); Matthews v. United States, 114 F.3d 112, 113 (8th Cir. 1997).

  B. Grounds One and Two: Whether Petitioner's Due Process Rights were Violated

Petitioner argues that the Court violated his due process rights in two ways: (1) the Court did not require the Government to prove the elements of his offense beyond a reasonable doubt; and (2) the Court sustained the jury's verdict with insufficient evidence. In support of his arguments, Petitioner lists evidence implicating two other suspects whom he purports may have sent the threatening emails.

A petitioner may not use a § 2255 motion to collaterally attack issues already decided on direct appeal. United States v. Wiley, 245 F.3d 750, 752 (8th Cir. 2001) (citing United States v. McGee, 201 F.3d 1022, 1023 (8th Cir. 2000) (per curiam)). Thus, a court may bar a petitioner from raising any issues on a § 2255 motion that were raised and decided on direct appeal.

Petitioner's counsel raised these claims on direct appeal, although she did not frame them as due process arguments. Counsel argued that the Government did not

3

proffer sufficient evidence to establish that Petitioner sent the emails, and that the Court should have permitted Petitioner to introduce evidence connecting two other suspects to the emails. Ray, 428 F.3d at 1174-1175.  The Eighth Circuit concluded that "a reasonable jury could find beyond a reasonable doubt that Ray was the person who sent the extortion emails to Best Buy." Id. at 1174.

Although Petitioner now frames these arguments in terms of due process violations, they mirror the arguments the Eighth Circuit already considered and decided. Thus, Petitioner is barred from raising these claims again in this § 2255 motion, and these parts of Petitioner's motion are denied.

**C.** Grounds Three Through Five: Whether Witness Michael Lawrence Committed Perjury; Whether there was Under Representation in the Jury Pool; and Whether Petitioner's Sentence Length Violated § 239 of Public Law 98-473

Petitioner failed to raise these arguments on direct appeal.  It is well settled that a motion under 28 U.S.C. § 2255 does not substitute for a direct appeal.  Anderson v. United States, 25 F.3d 704, 706 (8th Cir. 1994).  Since Petitioner did not raise these claims on direct appeal, they constitute procedural defaults that would typically preclude the Petitioner from raising the issue under a § 2255 motion to vacate. Dejan, 208 F.3d at 685; Matthews, 114 F.3d at 113.  However a court may excuse a default where the petitioner demonstrates: (1) a cause that would excuse the default; and (2) prejudice or actual innocence. McNeal v. United States, 249 F.3d 747, 749 (8th Cir. 2001) (citation omitted); Matthews, 114 F.3d at 113.  Petitioner does not address cause, prejudice, or actual innocence in his § 2255 motion.  Thus, the Court cannot excuse the procedural default on these bases.

Notwithstanding the above, Petitioner may still be able to excuse the procedural default if he demonstrates ineffective assistance of counsel.  Claims of ineffective assistance of counsel may fulfill both the cause and prejudice requirements to excuse a procedurally defaulted claim. Boysiewick v. Schriro, 179 F.3d 616, 619 (8th Cir. 1999).  In order to prove ineffective assistance of counsel, a petitioner must demonstrate: (1) counsel performed deficiently; and (2) that counsel's deficient performance prejudiced the decision against him.  Strickland v. Washington, 466 U.S. 668, 687 (1984).  When examining the first prong of the Strickland test, a court may consider counsel's performance deficient if it fell outside "the wide range of reasonable professional assistance." Id. at 689.  However, it is strongly presumed that counsel's performance falls within that "wide range of reasonable professional assistance." Id.  A petitioner may satisfy Strickland's second prong by showing that but for the counsel's errors, the court would have made a different decision in petitioner's case.  Id. at 691.  The analysis does not need to start with the first prong.  When the petitioner cannot show prejudice under the second prong, there is no need to look to at the reasonableness of counsel's behavior under the first prong. Id. at 697.

In support of each ground, Petitioner states that he instructed his attorney in writing to raise the issues on appeal, and the attorney did not do so.  Petitioner also states he had communication problems with his attorney because his attorney was located in Minnesota while he was located in Mississippi.  Thus, Petitioner's last three grounds in his § 2255 motion are essentially claims for ineffective assistance of counsel, and the Court may excuse the procedural default if the claims meet the Strickland test.  The following sections examine each of the three grounds in light of both Petitioner's

5

ineffective assistance of counsel claims and on their merits. Ultimately, Petitioner's arguments fail in all respects.

      1. Ground Three: Whether Witness Michael Lawrence Committed Perjury

Petitioner argues that FBI Agent Michael Lawrence committed perjury while testifying during Petitioner's trial. During his trial testimony, Lawrence spoke about Anthony Blair, another suspect the FBI investigated in connection with the threatening emails. In support of his perjury claim, Petitioner states that Lawrence initially testified that he had not really searched for Blair as a suspect in the case. Petitioner argues that Lawrence actually took steps to search for Blair, which contradicted Lawrence's initial testimony.

Petitioner does not state exactly where the Court may find this information. However, after review of the transcript, the Court assumes that Petitioner bases his argument on a statement Lawrence made during questioning by Petry. The transcript, which follows, demonstrates that Petry asked Lawrence if he had searched for Blair in connection with the emails.

    Lawrence:    We weren't looking for him in the sense that we were trying to track him down every day, no. If he happened to show up or make contact, we left a message with Robert Purcell that we would like to talk to Anthony Blair. That's as far as it went.
    Petry:    Really. Are you sure that's as far as it went with regard to this gentleman?
              . . .
    Lawrence:    No that's not as far as it went.
    Petry:    No, it's not as far as it went, is it? You actually executed some additional search warrants with regard to this Blair fellow, didn't you?
    Lawrence:    We tried to find some additional information on him, yes.

| | |
|---|---|
| Petry: | Right. So earlier when you told this jury that as far as it went was that, you know, Mr. Purcell said something about him and that's as far as it went, that just wasn't true, was it? |
| Lawrence: | I misspoke, yeah. |
| Petry: | You didn't tell the truth did you? |
| Lawrence: | I just misspoke. |

(Doc. No. 109 in Case No. 03-CR-438 at 577-78.)

There is no requirement that counsel raise every non-frivolous claim that the Petitioner instructs him to raise. Jones v. Barnes, 463 U.S. 745, 750-51 (1983). In other words, counsel has discretion to decide what issues to appeal. Id. at 751-52. Additionally, in Smith v. Robbins, the Supreme Court noted that although it is difficult to bring an ineffective assistance of counsel claim after Jones, it is still possible, but it is difficult to establish counsel's incompetence. 528 U.S. 259, 288 (2000) (referring favorably to Gray v. Greer, 800 F.2d 644, 646 (7th Cir. 1986) in which the Seventh Circuit found that generally ineffective assistance of counsel can only be found where the ignored issues are "clearly stronger" than those that counsel raised). Thus, in order for Petitioner to succeed on his claim, he must demonstrate that his counsel did not provide effective assistance when she chose not to raise the perjury issue on appeal.

Petitioner does not establish that his counsel was incompetent by showing that Lawrence's purported perjury was clearly stronger than the issues his counsel raised on appeal. Petitioner's trial counsel pursued the perjury issue when examining Lawrence, and the jury weighed this evidence along with all the other evidence and concluded that Petitioner was guilty. The Eighth Circuit found that the evidence supported the jury's decision. Further, Petitioner did not establish either prong of the Strickland test. He provides no evidence indicating that his counsel performed deficiently nor that he was

7

prejudiced as a result of his counsel's performance.  Since Petitioner has not demonstrated ineffective assistance of counsel, his claim remains procedurally barred from being raised on his § 2255 motion.

Looking at the claim on its merits, it also fails.  A witness commits perjury when he acts "willfully" in regards to a "material matter" that he does not believe is true. 18 U.S.C. § 1621.  To prove perjury, one must demonstrate that the witness knew the testimony was false at the time he testified.  See United States v. Swink, 21 F.3d 852, 857 (8th Cir. 1994).  Additionally, the testimony needs to have been a material matter in the case. 18 U.S.C. § 1621(1).  False information may be considered material if, by believing the information, the jury would have acquitted the Petitioner at trial.  See United States v. Paris, 448 F.2d 1277, 1278 (8th Cir. 1971).

Petitioner has supplied no evidence that Lawrence knew his testimony was false.  When questioned about the search warrants, Lawrence readily admitted that he "misspoke."  This does not indicate that Lawrence knowingly lied at first.  Rather, it merely indicates exactly what Lawrence said it did—that he misspoke.  Moreover, Petitioner has not proffered any evidence that the purportedly false testimony was material.  Because Petitioner's perjury claim is completely unsupported, the claim also fails on its merits.  Thus, this part of Petitioner's motion is also denied.

2. Ground Four: Whether There Was Under Representation in the Jury Pool

In ground four, Petitioner claims that the jury pool did not have proper representation of minorities, which constituted a violation of his Sixth Amendment right to a trial by a jury of his peers.  In support of this ground, Petitioner claims that the jury pool only contained two African Americans, and there were no other minorities on the

jury. Petitioner is African American. Petitioner states "[n]o Mexican Americans, Native Americans, Asian Americans, Latin Americans, nor any group that would be defined as a minority was present in the jury pool or on the jury." (Doc. No. 109 in Case No. 03-CR-438; Doc. No. 1 in Case No. 06-CV-3067 at 2108.)

Petitioner proffers no evidence of ineffective assistance of counsel. He does not show that counsel performed deficiently by not raising the ground on direct appeal and does not show that this claim is clearly stronger than the claims that were raised on appeal. In addition, Petitioner does not show that counsel's performance prejudiced the decision against him. Because Petitioner does not demonstrate ineffective assistance of counsel, his claim remains procedurally barred.

Petitioner's Sixth Amendment violation claim also fails on the merits. The Sixth Amendment guarantees a defendant the right to have a jury "chosen from a fair cross-section of the community." Taylor v. Louisiana, 419 U.S. 522, 529-30 (1975). It also prohibits "purposeful exclusion of an identifiable racial group from the juror selection process." United States v. Garcia, 991 F.2d 489, 491 (8th Cir. 1993). A prima facie violation of the Sixth Amendment requires a petitioner to demonstrate that: (1) the allegedly excluded group is a "distinctive" group in the community; (2) the quantity of people in this group is not "'fair and reasonable' in comparison to the number of such persons in the community;" and (3) under-representation of the group results from "systematic exclusion" during jury-selection. Duren v. Missouri, 439 U.S. 357, 364 (1979).

Petitioner does not satisfy Duren's test for a prima facie violation of his Sixth Amendment rights. First, Petitioner does not indicate that the excluded group is a

9

"distinctive" group within the community. Rather than pointing to a particular minority group, Petitioner states that all groups defined as a minorities, other than African Americans, were excluded from the jury and jury pool. By including all minorities other than African Americans, Petitioner must demonstrate the percentage of these minorities in the community to help conceptualize the fair-cross-section of the community and whether they constitute a distinctive group. Id. Petitioner has not satisfied this requirement.

Second, Petitioner fails to establish that the representation of the "distinctive" groups in the jury was not "fair and reasonable" in comparison to the number of such persons in the community. To satisfy this prong, Petitioner needs to establish the percentage of the community made up of minorities that Petitioner alleges were underrepresented on the jury. Id. at 364-65. Petitioner proffers no evidence to satisfy this prong.

Petitioner also fails to establish that the under-representation of "distinctive" minorities resulted from "systematic exclusion [of the groups] in the jury-selection process." Id. at 366. Petitioner points to no form or mode of "systemic exclusion" that occurred when choosing the jury.

Petitioner does not include any of the information required under the Duren test, and thus fails to establish a prima facie violation of his Sixth Amendment rights. Thus, Petitioner's claim also fails on the merits. Accordingly, this part of Petitioner's motion is denied.

       3.      Ground Five: Whether Petitioner's Sentence Length Violated § 239 of Public Law 98-473

In ground five, Petitioner argues that his eighteen month sentence violated Section 239 of Pub. L. 98-473. Petitioner states that the sentence did not follow the law in "any way, shape, or form." (Doc. No. 109 in Case No. 03-CR-438; Doc. No. 1 in Case No. 06-CV-3067 at 2111). Petitioner further states that he instructed his counsel to raise the issue on appeal and counsel failed to do so. (Id.)

This Court sentenced Petitioner to eighteen months imprisonment and three years supervised release with monetary penalties. (Doc. No. 91 in Case No. 03-CR-438 at 2-6). The Court imposed this sentence pursuant to the Sentencing Reform Act of 1984. (Id. at 1).

Petitioner provides no evidence indicating that counsel performed deficiently in making the decision to not raise this issue on appeal and does not show that this claim is stronger than the claims raised on appeal. Moreover, Petitioner does not show prejudice because of counsel's performance. Thus, Petitioner fails to establish an ineffective assistance of counsel claim and this argument remains procedurally defaulted.

Even if the Court looks at the claim on its merits, the claim fails. Pub. L. 98-473 Section 239 constitutes part of the Sentencing Reform Act of 1984 that became effective on November 1, 1987. See United States v. McQuiston, 307 F.3d 687, 691 (8th Cir. 2002). Section 239 was created to give judges sentencing guidance for two years prior to the enactment of the sentencing guidelines. 18 U.S.C. § 3551, hist. & stat. notes. Thus, Section 239 of Pub. L 98-473 was only viable for the two years prior to November 1, 1987. Therefore, this section was not in effect at the time the Court sentenced

Petitioner in 2005. Thus, this argument is also without merit and this part of Petitioner's motion is denied.

IV. CONCLUSION

Because Petitioner's claims fail to meet the applicable legal standards, the petition is dismissed.

Based on all the files, records, and proceedings herein, it is HEREBY ORDERED that Petitioner's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody [Doc. No. 109 in Case No. 03-CR-438; Doc. No. 1 in Case No. 06-CV-3067] is DENIED and this case is DISMISSED WITH PREJUDICE.

Dated: November 29, 2006

                                                s / Michael J. Davis
                                                Michael J. Davis
                                                United States District Court